# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

_____

LIZA ACQUAH, CUSTODIAL PARENT OF C.B., A MINOR

        Plaintiff,

vs.

ONONDAGA COUNTY,
EUGENE J. CONWAY, *in his individual capacity*, LAURA COLLINS, *in her individual capacity*, DAVID MARTIN, *in his individual capacity*, SHAWN HOUSE, *in his individual capacity*, THOMAS BRENNAN, *in his individual capacity*, AND DOE OFFICERS 1-20,

        Defendants.

**Civil Action No.:  5:21-cv-01227-GLS-ATB**

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**A. FEDERAL CLAIMS**
1. **VIOLATION OF CIVIL RIGHTS EXCESSIVE FORCE (42 U.S.C. § 1983);**
2. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) FAILURE TO INTERCEDE;**
3. **MONELL CLAIM AGAINST ONONDAGA COUNTY (42 U.S.C. § 1983);**
4. **FALSE ARREST (42 U.S.C. § 1983);**
5. **FALSE IMPRISONMENT (42 U.S.C. § 1983);**
6. **FAILURE TO PROVIDE MEDICAL CARE (42 U.S.C. § 1983);**
7. **ASSAULT AND BATTERY (42 U.S.C. § 1983)**

**B. STATE CLAIMS**
8. **FALSE IMPRISONMENT**
9. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
10. **NEGLIGENT TRAINING, DISCIPLINE, RETENTION, AND SUPERVISION;**
11. **ASSAULT;**
12. **BATTERY;**
13. **FALSE ARREST;**
14. **PUNITIVE DAMAGES AGAINST "PERSONS" DOE POLICE OFFICERS, IN THEIR INDIVIDUAL CAPACITY.**
15. **RESPONDEAT SUPERIOR LIABILITY OF ONONDAGA COUNTY;**

**JURY TRIAL DEMANDED**

**FIRST COMPLAINT FOR DAMAGES**

- 1 -

## I. INTRODUCTION

1.  Plaintiff Minor C.B., by and through his custodial parent LIZA ACQUAH, brings this action to vindicate his Statutorily and Constitutionally protected Civil Rights. The action is based on Defendant Onondaga County Sheriff's Office and individual Deputy Sheriffs excessively applying force to the body and spirit of Plaintiff Minor C.B., a human being.

2.  PLAINTIFF, LIZA ACQUAH, CUSTODIAL PARENT OF C.B. A MINOR, by her attorneys, JESSE P. RYDER, ESQ. and CHARLES A. BONNER ESQ., allege as their Complaint for Damages and Civil Rights violations the following facts, and facts upon information and belief.

## II. PARTIES

3.  PLAINTIFF, LIZA ACQUAH, CUSTODIAL PARENT OF C.B. A MINOR, is a citizen of the United States and is a resident of Camillus, Onondaga County, and State of New York.

4.  Defendant EUGENE J. CONWAY is a "Person" employed by Defendant ONONDAGA COUNTY SHERIFF'S OFFICE as the Sheriff.

5.  Defendant LAURA COLLINS is a "Person" employed by Defendant ONONDAGA COUNTY SHERIFF'S OFFICE as a Deputy Sheriff. She is sued in her individual capacity.

6.  Defendant SHAWN HOUSE is a "Person" employed by Defendant ONONDAGA COUNTY SHERIFF'S OFFICE as a Deputy Sheriff. He is sued in his individual capacity.

7.  Defendant DAVID MARTIN is a "Person" employed by Defendant ONONDAGA COUNTY SHERIFF'S OFFICE as a Deputy Sheriff. He is sued in his individual capacity.

8.  Defendant THOMAS BRENNAN is a "Person" employed by Defendant ONONDAGA COUNTY SHERIFF'S OFFICE as a Deputy Sheriff. He is sued in his individual capacity.

9.  Defendant ONONDAGA COUNTY is a governmental organization of the State of New

York and a division thereof is the ONONDAGA COUNTY SHERIFF'S OFFICE.

10. Plaintiff is informed and believes, and thereon alleges, that each of the DEFENDANTS was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining DEFENDANTS, and in doing the things herein alleged, were acting within the course and scope of that relationship.

11. Plaintiff is further informed and believes, and thereon alleges, that each of the DEFENDANTS herein gave consent, aid, and assistance to each of the remaining DEFENDANTS, and ratified and/or authorized the acts or omissions of each DEFENDANTS as alleged herein, except as may be hereinafter otherwise specifically alleged.

## III. DOE DEFENDANTS

12. PLAINTIFF does not know the true names and capacities, whether individual, corporate, associate, or otherwise of DEFENDANT DOE OFFICERS 1 through 20, inclusive and therefore sue these DEFENDANTS by such fictitious names.  PLAINTIFF will amend their complaint to allege their true names and capacities when this has been ascertained.

## IV. RESPONDEAT SUPERIOR

13. PLAINTIFF, LIZA ACQUAH, CUSTODIAL PARENT OF C.B. A MINOR claim that the ONONDAGA COUNTY is liable under the theory of respondeat superior for DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN AND DOE OFFICERS excessive force, false imprisonment, false arrest, assault and battery violations of PLAINTIFF, LIZA ACQUAH, CUSTODIAL PARENT OF C.B. A MINOR'S state and federal Constitutional rights and other violations of Plaintiff's rights. Municipalities may be held vicariously liable for state law torts committed by police officers under a theory of respondeat superior. See *Williams v. VILLAGE of White Plains,* 718 F. Supp. 2d 374, 381

(S.D.N.Y. 2010). Therefore, the respondeat superior claim against ONONDAGA COUNTY regarding DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS is a valid claim, establishing liability against ONONDAGA COUNTY.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

### *Notice of Claim (GML 50-E)*

14. Plaintiff has complied with all conditions precedent, including filing of a Notice of Claim under General Municipal Law § 50-e on or about February 3, 2021 and filed with the County Clerk on or about February 9, 2021, which only applies to State Law Causes of Action; these requirements are not applicable to Plaintiff's Federal Claims asserted pursuant to 42. U.S.C. §1983 ["[A]; notice of claim is not a condition precedent to a cause of action, asserted pursuant to 42 USC § 1983, which seeks to recover damages premised on violations of federal civil or constitutional rights under color of state law"][1]

## VI. JURISDICTION

15. This Court has jurisdiction over this lawsuit because the suit arises under 42  U.S.C. § 1983 and asserts facts showing that Defendants, and each of them, acted willfully, deliberately and pursuant to a policy, custom and practice, and with reckless disregard of PLAINTIFF, LIZA ACQUAH, CUSTODIAL PARENT OF C.B. A MINOR'S established Federal and State Constitutional rights.

---

[1] see *Felder v Casey*, 487 U.S. 131; *Rowe v NYCPD,* 85 AD3d 1001, 1002 [2d Dept 2011]

## VII. VENUE

16. Venue is proper in this district under 28 U.S. C. § 1391 (b) (1) because Defendants reside in this district and Plaintiff resides in Camillus, New York 13031. Venue is also proper in this district under 28 U.S.C § 1391 (b) (2) because the events, acts, and omissions giving rise to this claim occurred in this district.

## VIII. STATEMENT OF FACTS

17. On or about Wednesday, November 11, 2020, DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS either responded to or investigated an incident at County Route 48 in Lysander, NEW YORK pursuant to a traffic incident pertaining to PLAINTIFF MINOR C.B. Upon arrival on the scene, the PLAINTIFF, MINOR C.B. was sitting in his mother's vehicle with his hands above his head, the dome light on, and the vehicle placed in park.

18. Upon arrival, LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS immediately tore open the driver's door and screamed obscenities at MINOR C.B. Then violently grabbed his arms and slammed MINOR C.B. to the ground while yelling "GET OUT OF THE FUCKING CAR!". During this violent arrest, DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS strangled MINOR C.B., kicked him in the stomach, and kneed him against the ground, while continuing to scream obscenities while violently handcuffing MINOR C.B. and picking him up by the handcuffs affixed to his wrists and body-slamming MINOR C.B. onto the ground and against Plaintiff's vehicle.   Indeed, DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS

BRENNAN, AND DOE OFFICERS excessively, unnecessarily, and savagely beat MINOR C.B..

19. During this violent arrest, MINOR C.B. is heard continuously apologizing to DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS and begging DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN AND DOE OFFICERS for mercy and is heard stating: "please don't kill me." DEFENDANT DOE OFFICERS say, "SHUT THE FUCK UP!" Another DEFENDANT DOE OFFICER yells "GET YOUR FUCKING ASS UP OFF THE GROUND, MOTHERFUCKER!"

20. While in custody and upon arrival at the police station, DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS continued to berate MINOR C.B. with the use of obscenities and despite obvious injuries sustained by MINOR C.B., DEFENDANT DOE OFFICERS refused to provide MINOR C.B. with medical attention.

21. When MINOR C.B.'s mother arrived at the police station to pick him up, police did not inform her that excessive force had been used against her son or that guns had been pointed at him.

22. After the beating, MINOR C.B. had headaches, dizziness, left elbow, shoulder, and knee pain. His knee was non-weight bearing.

## IX. DAMAGES

23. MINOR C.B.'s damages include, but are not limited to, the following: anxiety, mental and emotional distress, humiliation, fear, and discomfort, loss of enjoyment of life, inconvenience and suffering, physical and psychic injuries, headaches, nightmares, insomnia, misery, severe injuries to his face, head, shoulders, wrists, knees, and back. The injuries, illnesses, and harms

caused, and continue to cause, MINOR C.B. to seek and obtain medical treatment and ongoing medical care for his injuries, illnesses and medical conditions, all caused by the DEFENDANTS, and each of them.

**FEDERAL CLAIMS**
**FIRST CAUSE OF ACTION**
**Violation of Civil Rights**
**42 U.S.C. Sections 1983:**
**Use of Excessive Force**
**(Against All Defendants)**

24.   MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

25.   Federal Law 42 U.S.C. §1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

26.   "The Fourth Amendment protects individuals from the government's use of excessive force while detaining or arresting individuals." *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006) (citing *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999)). "When determining whether police officers have employed excessive force in the arrest context, the Supreme Court has instructed that courts should examine whether the use of force is objectively reasonable "in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation." *Jones*, 465 F.3d at 61 (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)) (punctuation omitted). Among the most relevant facts and circumstances to ascertain "Reasonableness" are (1) the severity of the crime allegedly committed; (2) the threat of danger to the officer and society; and (3) whether the suspect was resisting or attempting to evade arrest. *Thomas*, 165 F.3d at 143.

**FIRST COMPLAINT FOR DAMAGES**

27.  Factor 1 – the severity of the crime allegedly committed. The severity of the alleged crime, joyriding or even vehicle theft, is non-violent.

28.  Factor 2- The threat of danger to the officer and society. There was absolutely no threat to the police as Minor C.B. had his hands above his head in plain view of the DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS, was not resisting arrest, was not disobeying any commands, and the vehicle itself was in park.

29.  Factor 3 – Whether the suspect was resisting or attempting to evade arrest. There was absolutely no resisting or attempting to evade arrest at the time the DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS contacted Minor C.B. His hands were raised above his head in plain view of DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS and he had surrendered to them in a peaceful manner.

30.  Reasonableness is generally a question of fact. See *McKelvie v. Cooper*, 190 F.3d 58 (2d Cir. 1999). As described above, DEFENDANTS inflicted force upon Minor C.B. that was objectively excessive and unreasonable or failed to intervene to stop their fellow officers from inflicting excessive force and instead encouraged such. Minor C.B. was a law-abiding citizen, encased and enshrined in the protection of the United States Constitution, DEFENDANTS engaged in unreasonable, excessive, and illegal force by beating Minor C.B. without cause or failed to intervene to prevent such and instead encouraged such.

31.  DEFENDANTS and each of them, caused MINOR C.B. to suffer economic and non-economic damages which include, but are not limited to the following: anxiety, mental and emotional distress, humiliation, fear, discomfort, loss of enjoyment of life, inconvenience and suffering, attorneys' fees, loss of wages, medical bills, loss of work benefits, physical and psychic injuries, including, but not limited to, brain damage, bruise on side of head, bruised and injured left arm, concussion syndrome with headaches, nightmares, insomnia, and misery.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

**FIRST COMPLAINT FOR DAMAGES**

**FEDERAL CLAIMS**
**SECOND CAUSE OF ACTION**
**Violation of Civil Rights**
**42 U.S.C. Sections 1983:**
**Fourth & Fourteenth Amendment**
**Failure to Intercede**
**(Against All Officer Defendants)**

32.     MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

33.     By their conduct and under color of state law, DEFENDANT OFFICERS, SHERIFF CONWAY, and DOES 1-20 had opportunities to intercede on behalf of PLAINTIFF to prevent his false arrest, assault, battery, false imprisonment, excessive force, and deprivation of liberty without due process of law, but, due to their intentional conduct and/or reckless or deliberate indifference, declined or refused to do so.".

34.     DEFENDANT OFFICERS, SHERIFF CONWAY, and DOES 1-20's failure to intercede violated PLAINTIFF'S clearly established constitutional right to be (1) free from unreasonable search and seizure, and (2) not to be deprived of liberty without due process of law as guaranteed by the Fourth and Fourteenth Amendments.

35.     No reasonable police officer and/or supervisory staff in or after 2020 would have believed that failing to intercede to prevent these DEFENDANTS from undertaking PLAINTIFF's false arrest, assault, battery, false imprisonment, excessive force, as well as fabricating false and inculpatory statements and evidence against PLAINTIFF, were lawful.

36.     Given the circumstances of PLAINTIFF being a Minor, and having fully surrendered with his arms high above his head in a peaceful manner and having previously placed the vehicle in park, DEFENDANT OFFICERS, SHERIFF CONWAY, and DOES 1-20's intentional refusal to intercede renders their refusal to intercede even more egregious and abominable.

37.     The conduct of DEFENDANT OFFICERS', SHERIFF CONWAY and DOES 1-20 violated clearly established constitutional rights of which all DEFENDANT officers, supervisors, chief of police, and sheriffs knew, or of which reasonable police officers, supervisors, chief of police and sheriffs should have known, rendering them liable to PLAINTIFFS under 42 U.S.C. § 1983 without recourse to qualified immunity.

**FIRST COMPLAINT FOR DAMAGES**

38.     DEFENDANT OFFICERS', SHERIFF CONWAY and DOES 1-20 acted with reckless and callous indifference to PLAINTIFF's Fourth Amendment and Fourteenth Amendment rights.

39.     The denial of constitutional rights is irreparable injury per se, and PLAINTIFF is entitled to declaratory relief.

40.     As a direct and proximate result of the actions of DEFENDANT OFFICERS, SHERIFF CONWAY and DOES 1-20, PLAINTIFF suffered: significant physical injuries, anxiety, mental and emotional distress, humiliation, fear, discomfort, loss of enjoyment of life, psychic injuries, headaches, nightmares, insomnia, and an unceasing sense of doom and misery.

41.     PLAINTIFF is further informed and believes that the acts and/or omissions of DEFENDANT OFFICERS, SHERIFF CONWAY and DOES 1-20 were intentional, malicious, oppressive and/or done with a conscious or callous disregard for PLAINTIFF's safety and/or constitutional rights which thereby justifies an award of punitive or exemplary damages in amounts to be determined according to proof.

### THIRD CAUSE OF ACTION
### *Monell* Claim: 42 U.S.C. § 1983
### (Against Defendant Onondaga County)

**Monell Claim: ONONDAGA COUNTY's Liability for Excessive Force**

42.     MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

43.     At the time of MINOR C.B.'S arrest, DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS were acting under color of all the laws and regulations of the State of New York and the COUNTY OF ONONDAGA. ONONDAGA COUNTY has a policy, custom, practice, and pattern of conduct in place that enables its agents and employee police officers to act with deliberate indifference to the constitutional rights of individuals. This policy, custom, practice, and

pattern of conduct, includes, but is not limited to, tolerating misconduct by its police officers, and encouraging misconduct by failing to adequately supervise, discipline, and train its police officers.

44. Plaintiff asserts that ONONDAGA COUNTY is liable for any constitutional torts committed by the individual Defendant Police Officers because the ONONDAGA COUNTY maintains a custom, policy and pattern, and practice of failing to exercise reasonable care in training, supervising, and hiring its officers. Plaintiff further alleges that ONONDAGA COUNTY maintains a custom, policy, pattern, and practice of inaction regarding disciplining police officers for constitutional violations; and a custom, policy, practice, and pattern of failing to discipline their Police Officers for violating the constitutional rights of its citizens. Plaintiff also alleges that DEFENDANT ONONDAGA COUNTY has inadequate guidelines for conducting arrests, the use of force necessary for arrests, officer demeanor, and use of de-escalation tactics. The DEFENDANT ONONDAGA COUNTY'S policy, custom, practice, and pattern were a motivating factor causing a deprivation of MINOR C.B.'S constitutional rights.

45. ONONDAGA COUNTY has an urgent need for clear policies regarding use-of-force and racial profiling. Plaintiff request's a Declaratory Judgment that the DEFENDANT ONONDAGA COUNTY'S policies and practices on use-of-force and racial profiling are inadequate and present a clear and present danger of deprivation of the constitutional rights of persons who have contact with the ONONDAGA COUNTY SHERIFF'S OFFICE.

46. Under Monell, local governments and their agencies can be sued as "persons" under § 1983 and may be liable where a government policy or custom gives rise to a constitutional deprivation. A "custom" does not require official sanction; instead, a custom "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." [2]Thus, the elements of a *Monell* claim include the following:

---

[2] *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) To make a claim for municipal liability, it is not sufficient to allege merely conduct attributable to the municipality. Id. "A plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id.

1) an official policy or custom that, 2) causes the plaintiff to be subjected to, 3) a deprivation of a constitutional right.[3]

47.    An "official policy or custom" can be shown in several ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; and (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees.[4]

48.    The record of this case, based on investigation, research, complaints to the ONONDAGA COUNTY SHERIFF'S OFFICE, Records, Newspaper Reports of Claims of Excessive Use-Of-Force, and racial profiling by the ONONDAGA COUNTY SHERIFF'S OFFICE shows a pattern, practice, custom and policy by in failing to respect, uphold and enforce the constitutional rights of the citizens of ONONDAGA COUNTY. Defendant's failure to discipline, train and supervise the police officers under their command has resulted in excessive use-of-force and civil rights violations of MINOR C.B., and many, many other law-abiding citizens of Onondaga County. Defendant's actions and inactions as the government official responsible for establishing municipal policies related to discipline, training, and supervising the ONONDAGA COUNTY SHERIFF'S OFFICE police officers have been the motivating factors in the deprivations of constitutional rights of MINOR C.B.'S and of many other victims of police misconduct in ONONDAGA COUNTY.

49.    The ONONDAGA COUNTY SHERIFF'S inactions, resulting in a policy of inaction, a policy of lack of supervision, and a policy of lack of training for his police officers in how

---

[3] *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1987).
[4] *Dorsett-Felicelli v. C'nty of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citing Monell, 436 U.S at 690, *Pembaur v. VILLAGE of Cincinnati*, 475 U.S. 469, 483-84 (1986), and *VILLAGE of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

to protect the constitutional rights of citizens was a direct and proximate cause of the violation of MINOR C.B.'S' Constitutional Rights as stated herein. The ONONDAGA COUNTY SHERIFF'S policy, custom and practice of inaction, lack of discipline and lack of training of his officers led DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN AND DOE OFFICERS to use excessive force against MINOR C.B.

50.   The evidence the ONONDAGA COUNTY SHERIFF'S OFFICE'S Policy and Custom and Practice of excessive force, racial profiling, and failure to discipline its officers will be presented after discovery in this action.

51.   There is ample evidence to create a jury question regarding whether, from the top down, the SPD took an unduly permissive attitude toward its officers' use-of-force prior to, and in the wake of, the incident. ." *Hulett*, 2017 WL 2333712, at *25 (citing *Vann*, 72 F.3d at 1049); see also *Fiacco v. City of Rensselaer,* 783 F.2d 319, 328 (2d Cir. 1986) ("Whether or not the claims had validity, the very assertion of a number of such claims put the City on notice that there was a possibility that its police officers had used excessive force."). A reasonable jury could conclude that SPD's "subordinate officers felt empowered to use force with relative impunity and that, as a result, used excessive force on plaintiff in this case." *Hulett*, 2017 WL 2333712, at *25. Therefore, DEFENDANTS EUGENE J. CONWAY and the ONONDAGA COUNTY are liable to MINOR C.B. for directly and proximately causing violations of his United States Constitutional Rights and resulting in economic and non-economic damages.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**Violation of United States Civil Rights Laws**
**42 U.S.C. Sections 1983 False Arrest**
**(Against All Officer Defendants)**

52.   MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

**FIRST COMPLAINT FOR DAMAGES**

53.   MINOR C.B. alleges that DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS violated his Fourth Amendment rights by subjecting him to "an unreasonable search and seizure of his person" and the "loss of his physical liberty." The elements of a Fourth Amendment false arrest claim under 42 U.S.C. § 1983 are the same as those for a false arrest claim under New York law. [5]"To state a claim for false arrest under New York law, a plaintiff must show that (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." [6]

54.   The evidence proves by the requisite preponderance standard that DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN AND DOE OFFICERS made a false arrest of MINOR C.B. by confining him in custody and at all times until release. MINOR C.B. was at all times conscious of his unprivileged and humiliating confinement to which he did not consent. Defendants are liable for MINOR C.B.'s damages.

**Qualified Immunity No Defense**

55.   Defendants might argue that DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN AND DOE OFFICERS are entitled to qualified immunity. The qualified immunity inquiry generally involves two issues: (1) "whether the facts, viewed in the light most favorable to the plaintiff, establish a constitutional violation"; and (2) "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." [7]

56.   In determining the second issue (i.e., whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted), courts in the Second Circuit consider

---

[5] *Kraft v. VILLAGE of New York*, 696 F. Supp. 2d 403, (S.D.N.Y. 2010).
[6] *Savino v. VILLAGE of New York*, 331 F.3d 63, 75 (2d Cir.2003) Where an officer has probable cause to arrest a plaintiff, the confinement is privileged. Id. at 76. The burden of showing that there was probable cause for the arrest is on the officer. Id.
[7] *Sira v. Morton*, 380 F.3d 57, 68-69 (2d Cir. 2004) accord, *Higazy v. Templeton*, 505 F.3d 161, 169, n.8 (2d Cir. 2007)

three factors: (1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional laws of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful.[8]

57. DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS failed to use reasonable force necessary to arrest MINOR C.B. All of which led to the use of excessive force, false arrest, and confinement of the Plaintiff without justification.

58. Defendants' conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**Violation of United States Civil Rights Laws**
**42 U.S.C. Sections 1983:**
**False Imprisonment**
**(Against All Officer Defendants)**

59. MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

60. MINOR C.B. alleges that DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS violated his Fourth Amendment rights by subjecting him to "seizure of his person" and the "loss of his physical liberty" by taking him, under the color of law, into custody.

61.  The elements of a Fourth Amendment false arrest claim under 42 U.S.C. § 1983 are the same as those for a false arrest claim under New York law. [9]"To state a claim for false arrest under New York law, a plaintiff must show that (1) the defendant intended to confine

---

[8] *Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir. 1991) cert. denied, 503 U.S. 962 (1992).
[9] *Kraft v. VILLAGE of New York*, 696 F. Supp. 2d 403, (S.D.N.Y. 2010).

the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." [10]

62.   The evidence proves by the requisite preponderance standard that DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS created a "loss of his physical liberty" for MINOR C.B. by confining him within the Police Department who was at all times conscious of this unprivileged and humiliating confinement to which he did not consent. DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS are liable for the damages MINOR C.B. suffered, including mental and emotional distress, humiliation, and shock. Defendant's conduct was intentional, malicious, fraudulent, and shows a reckless disregard for the constitutional rights, safety, and health of MINOR C.B. Defendant's conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**Violation of United States Civil Rights Laws**
**42 U.S.C. Section 1983:**
**Failure to Provide Medical Care**
**(Against All Defendants)**

63.   MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

64.   To state an Eighth Amendment claim for cruel and unusual punishment based on deficient medical care, a prisoner must allege an objectively serious medical condition and an official's deliberate indifference to that condition.[11]

---

[10] *Savino v. VILLAGE of New York*, 331 F.3d 63, 75 (2d Cir.2003) Where an officer has probable cause to arrest a plaintiff, the confinement is privileged. Id. at 76. The burden of showing that there was probable cause for the arrest is on the officer. Id.

[11] *Estelle v. Gamble*, 429 U.S. 97 (1976). "Deliberate indifference" to a prisoner's serious medical needs occurs when a defendant realizes that a substantial risk of serious harm to a prisoner exists but then disregards that risk.

65.    As a result of the DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS' use of excessive force against MINOR C.B. the Plaintiff suffered multiple serious injuries.

66.    At no time while in the custody of the DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS or the ONONDAGA COUNTY SHERIFF'S OFFICE did MINOR C.B. receive medical care for his injuries.

67.    Only, and until MINOR C.B. was released into the custody of his mother, was he taken to the emergency room and treated for his multiple injuries.

68.    The Defendant's failure to provide MINOR C.B. with medical care has exacerbated his injuries along with the violations of his constitutional rights.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**Violation of United States Civil Rights Laws**
**42 U.S.C. Section 1983:**
**Assault and Battery**
**(Against All Defendants)**

69.    MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

70.    MINOR C.B. alleges that DEFENDANTS assaulted him.  "[T]he test for whether a plaintiff can maintain . . . a cause of action against law enforcement officials [for assault and battery] is whether the force used was 'reasonable,' the exact same test as the one used to analyze a Fourth Amendment excessive force claim." *Hogan v. Franco*, 896 F. Supp. 1313, 1315 n.2 (N.D.N.Y. 1995). Here, as discussed above, there is a triable issue of fact as to whether DEFENDANTS used reasonable force. Thus, the undisputed facts raise a triable issue of fact that DEFENDANTS assaulted and battered MINOR C.B. For these reasons, as to MINOR C.B.'s constitutional excessive force claim, a court will not and cannot find as a matter of law that DEFENDANTS are entitled to qualified immunity.

**FIRST COMPLAINT FOR DAMAGES**

*Jones*, 465 F.3d at 63.   Hence, MINOR C.B. has stated a claim against both DEFENDANTS for assault and battery.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

<u>**NEW YORK STATE LAW CAUSES OF ACTION**</u>
<u>**EIGHTH CAUSE OF ACTION**</u>
**Violation New York State Law**
**False Imprisonment**
**(Against All Defendants)**

71.  MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

72.  To prove the elements of false arrest under New York law, a plaintiff must show that "(1) the defendant intended to confine plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Garenani,* 552 F. Supp. 2d at 333 (quoting *Bernard v. United States*, 25 F.3d 98, 102(2d Cir. 1994)).

73.  "The existence of probable cause to arrest is a complete defense to a claim of false arrest and imprisonment; in other words, it renders the confinement privileged." Id. (citing *Bernard*, 25 F.3d at 102 and *Weyant*, 101 F.3d at 852). "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant*, 101 F.3d at 852. "A district court must look to the 'totality of the circumstances' in deciding whether probable cause exists to effect an arrest." *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002) (quoting *Illinois v. Gates*, 462 U.S. 213, 233 (1983)).

74.  MINOR C.B. alleges that DEFENDANTS falsely imprisoned him without any probable cause and DEFENDANTS are liable for all of his damages, harms and losses.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

**FIRST COMPLAINT FOR DAMAGES**

## NINTH CAUSE OF ACTION
**Violation New York State Law**
**Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

75.    MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

76.    Under New York law, "To prevail on a cause of action for intentional infliction of emotional distress, a plaintiff must prove four elements: (1) extreme and outrageous conduct; (2) intent to cause, or disregard for the substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." [12]

77.    DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN, AND DOE OFFICERS inflicted objectively excessive and unreasonable use-of-force tactics upon MINOR C.B., whereby causing him to severe emotional and physical injuries. Once this excessive use-of-force was used against MINOR C.B., DEFENDANT DOE OFFICERS refused to provide MINOR C.B. with appropriate medical care. These Police Officers engaged in extreme and outrageous conduct that should not be tolerated in a civilized society and is not tolerated in our society by police officers who are our public servants.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## TENTH CAUSE OF ACTION
**Violation New York State Law**
**Negligent Training, Hiring, Retention, Discipline & Supervision**
**(Against All Defendants)**

78.    MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

---

[12] *Marmelstein v. Kehillat New Hempstead, 45 A.D.3d 33, 841 N.Y.S.2d 493, 499 (2007).*

**FIRST COMPLAINT FOR DAMAGES**

79.　DEFENDANT ONONDAGA COUNTY maintains a custom, policy and pattern and practice of negligently failing to exercise reasonable care in training, supervising and hiring its officers.

80.　DEFENDANT ONNDAGA COUNTY has a duty to conduct training, hiring, retention, and supervision of its police officers so these agents and employees will protect and serve, rather than break the very laws, including the United States Constitution, they are sworn to uphold. DEFENDANT ONONDAGA COUNTY breached, and still breaches, this legally imposed duty by allowing its police officers to engage in lawless behavior and conduct, including terrorizing the citizens of Onondaga County.

81.　Plaintiff further alleges that ONONDAGA COUNTY maintains a custom, policy, pattern and practice of inaction regarding the disciplining of police officers for excessive force, false arrests, illegal seizures, racial profiling, and providing medical care; and a custom, policy, practice, and pattern of failing to discipline its Police Officers for violating the constitutional rights of its citizens. Plaintiff also alleges that the ONONDAGA COUNTY SHERIFF'S OFFICE has an inadequate policy, which does not clearly draw a bright line defining constitutional violations for excessive force, false arrests, racial profiling, and providing medical care. DEFENDANT ONONDAGA COUNTY'S policy, custom, practice, and pattern were motivating factors in causing a deprivation of MINOR C.B.'S constitutional rights and causing all of his injuries, damages, and harms.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

### ELEVENTH CAUSE OF ACTION
**Violation New York State Law**
**Assault**
**(Against All Defendants)**

82.　MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

83.　Plaintiff MINOR C.B. alleges that DEFENDANTS assaulted him. "[T]he test for whether a plaintiff can maintain . . . a cause of action against law enforcement officials [for assault]

is whether the force used was 'reasonable,' the exact same test as the one used to analyze a Fourth Amendment excessive force claim."    DEFENDANTS used unreasonable force against MINOR C.B.

84.     The undisputed facts are that DEFENDANTS assaulted MINOR C.B., causing him permanent damages as hereinabove alleged. Defendants' conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of MINOR C.B. Defendants' conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

### TWELFTH CAUSE OF ACTION
**Violation New York State Law**
**Battery**
**(Against All Defendants)**

85.     MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

86.     Plaintiff MINOR C.B. alleges that DEFENDANTS battered him. "[T]he test for whether a plaintiff can maintain . . . a cause of action against law enforcement officials [for battery] is whether the force used was 'reasonable,' the exact same test as the one used to analyze a Fourth Amendment excessive force claim."    DEFENDANTS used unreasonable force against MINOR C.B.

87.     The undisputed facts are that DEFENDANTS assaulted and battered MINOR C.B., causing him permanent damages as hereinabove alleged. Defendants' conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of MINOR C.B. Defendants' conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION
### Violation New York State Law
### False Arrest
### (Against All Defendants)

88.   MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

89.   Plaintiff MINOR C.B. alleges that DEFENDANT DOE OFFICERS falsely imprisoned him by subjecting him to "an unreasonable search and seizure of his person" and the "loss of his physical liberty."

90.   The evidence proves by the requisite preponderance standard that DEFENDANT DOE OFFICERS engaged in the False Imprisonment of MIOR C.B. by confining him at the Police Department and at all times until release. MINOR C.B. was at all times conscious of his unprivileged and humiliating confinement to which he did not consent. Defendant is liable for MINOR C.B.'S damages. Defendant's conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety, and health of MINOR C.B. Defendant's conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## FOURTEENTH CAUSE OF ACTION
### Violation New York State Law
### Punitive Damages
### (Against Individual Defendants)

91.   MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

92.   MINOR C.B. seeks punitive damages for the protection of the community against DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN AND DOE OFFICERS in the amount of $3,000,000 per each DEFENDANT.

**FIRST COMPLAINT FOR DAMAGES**

## FIFTEENTH CAUSE OF ACTION
### Violation New York State Law
### Respondeat Superior
### (Against Defendants)

93.     MINOR C.B. hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

94.     PLAINTIFF, LIZA ACQUAH, CUSTODIAL PARENT OF C.B. A MINOR claim that the ONONDAGA COUNTY is liable under the theory of respondeat superior for DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN AND DOE OFFICERS excessive force, false imprisonment, false arrest, assault and battery violations of PLAINTIFF, LIZA ACQUAH, CUSTODIAL PARENT OF C.B. A MINOR'S state and federal Constitutional rights and other violations of Plaintiff's rights. Municipalities may be held vicariously liable for state law torts committed by police officers under a theory of respondeat superior. See *Williams v. VILLAGE of White Plains,* 718 F. Supp. 2d 374, 381 (S.D.N.Y. 2010). Therefore, the respondeat superior claim against ONONDAGA COUNTY regarding DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN AND DOE OFFICERS is a valid claim, establishing liability against ONONDAGA COUNTY.

## PRAYER FOR RELIEF

1.     For special and economic damages, including lost wages, for all Claims

2.     For general and non-economic damages for all Causes of Action;

3.     For $3,000,000.00 against DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE, THOMAS BRENNAN AND DOE OFFICERS, individually and severally for misery, suffering, loss of enjoyment of life, for loss of ability to pursuit happiness, for severe mental and emotional distress, anxiety, humiliation and other non-economic and economic damages.

**FIRST COMPLAINT FOR DAMAGES**

4.     For punitive damages for $3,000,000.00 for all Claims against only

DEFENDANTS LAURA COLLINS, DAVID MARTIN, SHAWN HOUSE,

THOMAS BRENNAN AND DOE DEFENDANTS, in their individual capacity

for the protection of the public;

5.     For pre-judgment and post-judgment interest at the prevailing legal rate;

6.     For costs of the suit including reasonable attorney's fees;

7.     An order declaring that DEFENDANT LAURA COLLINS, DAVID MARTIN,

SHAWN HOUSE, THOMAS BRENNAN AND DOE OFFICERS used excessive

force against MINOR C.B.

8.     An order declaring that ONONDAGA COUNTY SHERIFF'S OFFICE has

inadequate policies and procedures to prevent Excessive Force and Racial

Profiling to protect the constitutional rights of individuals and citizens who come

in contact with members of the ONONDAGA COUNTY SHERIFF'S OFFICE.

9.     For such other and further relief, including injunctive relief, as the Court may

deem proper.


Dated: May 5, 2022                    **RESPECTFULLY SUBMITTED,**
                                      **LAW OFFICES OF BONNER & BONNER**

                                      _/ s/_Charles A. Bonner
                                      Charles A. Bonner
                                      Attorney for LIZA ACQUAH, Custodial Parent of
                                      Minor C.B.


Dated:  May 5, 2022                   **RYDER LAW FIRM**

                                      /s/ Jesse P. Ryder

                                      Jesse P. Ryder, Esq.


**FIRST COMPLAINT FOR DAMAGES**

Attorney for LIZA ACQUAH, Custodial Parent of
Minor C.B.

**Dated: May 5, 2022**                    **CASE LAW LTD.**

                                          /s/ Jeffrey L. Mendelman
                                          Jeffrey L. Mendelman, Esq.
                                          Attorney for LIZA ACQUAH, Custodial Parent of
                                          Minor C.B.

**RYDER LAW FIRM**
Jesse P. Ryder, Esq. Bar Roll # 511300
6739 Myers Road
East Syracuse, NY 13057
Tel: (315) 382-3617
Fax: (315) 295-2502
ryderlawfirm@gmail.com

CHARLES A. BONNER, ESQ.  Bar Roll # 107253
A. CABRAL BONNER, ESQ. Bar Roll # 107254
**LAW OFFICES OF BONNER & BONNER**
475 GATE FIVE RD, SUITE 212
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
cbonner799@aol.com
cabral@bonnerlaw.com

JEFFREY L. MENDELMAN, ESQ. Bar Roll # 702696
**CASE LAW LTD.**
580 California Street, Fl. 12
San Francisco, CA 94104
TEL: (833) 227-3583
FAX: (415) 520-5405
admin@caselawltd.com

ATTORNEYS FOR PLAINTIFF